JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 12-01226-RGK (DTBx)** | Date | October 4, 2012 |
|---|---|---|---|
| Title | ***JUAN E. CONTRERAS v. HARB GROUP, INC. et al.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On July 24, 2012, Harb Group, Inc. ("Defendant") removed this action based on federal question jurisdiction, pursuant to 28 U.S.C. § 1331. For the following reasons, the Court finds that remand is proper.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). Even if no objection is made to removal or both sides stipulate to federal jurisdiction, the district court has an independent obligation to examine whether removal jurisdiction exists. Fed. R. Civ. P. 12(h)(3); *Chicago, B. & Q. Ry. Co. v. Willard*, 220 U.S. 413, 420 (1911).

A defendant may remove a case from state court when the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where a federal statute creates a cause of action. 28 U.S.C. § 1331. The Magnuson-Moss Warranty Act ("Federal Lemon Law"), 15 U.S.C. § 2301 et seq., creates a private right of action for certain breach of warranty claims but requires that the amount in controversy be at least $50,000. 15 U.S.C. § 2310(d)(3)(B). Here, neither the Complaint nor the Notice of Removal state the amount in controversy. Only the value of the vehicle at issue ($10,983.29) and an unspecified amount for other damages are stated by the parties. Thus, Defendant has not established that the amount in controversy is at least $50,000. Because the only basis for removal is the private right of action created under the Federal Lemon Law, Defendant fails to establish federal question jurisdiction and thus to satisfy the burden of proving that removal is proper.

      For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

:

Initials of Preparer